JjPLOTKIN, J.
DISSENTS WITH WRITTEN REASONS.
I respectfully dissent from the majority’s disposition affirming the defendant’s convictions and sentences. A witness may be cross-examined on any matter relevant to any issue in the case, including credibility. La.C.E. art. 611(B). Our Supreme Court has recently held that:
“The right to cross-examine a witness includes the right to question the witness concerning any bias or self-interest attached to the witness’s testimony. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State v. Senegal, 316 So.2d 124, 127 (La.1975) (how state witness came about being a state police narcotics agent was not irrelevant, and refusal to permit defense counsel to cross-examine witness in order to establish bias, interest, or corruption was improper, in prosecution for distribution of marijuana); La.C.E. art. 607(D).”
State v. Irish, 00-KA-2086 (La.1/15/02), 807 So.2d 208.
The trial judge in the instant case should have permitted defense counsel to cross-examine Mr. Anear regarding any possible deal that he got with the State in exchange for his testimony in this case. Even if there was not a written plea agree *279 ment between the defendant and the State there could have been an oral commitment to testify in exchange for a reduced sentence. Given that Mr. Anear was an important witness in this case, the jury should have been made aware of this possible motivation so that it could attach the appropriate amount of weight to it in deciding on a verdict.
1 ¡/Therefore, I would reverse the defendant’s conviction and remand this case for a new trial in which the defendant would be permitted to cross-examine Mr. Anear regarding the possibility of a plea agreement and any motivations that he may have had for testifying against the defendant.